UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ORTIZ,

    Appellant,

v.                                                                                     Case No: 8:20-cv-2585-CEH

FRANK R. KANE and HOWARD
AVENUE STATION, LLC,

    Appellees.
_____/

**ORDER**

This matter comes before the Court upon Appellee Frank R. Kane's Motion to Dismiss [Doc. 10], Plaintiff's Response [Doc. 14], and Frank R. Kane's Reply [Doc. 15].[1] In the motion, Appellee argues that the appeal should be dismissed because it is untimely and because Appellant failed to comply with court orders, designate the record, and file an initial brief. The Court, having considered the motion and being fully advised in the premises, will grant Appellee Frank R. Kane's Motion to Dismiss.

**I.    BACKGROUND**

---

[1] The response was untimely, but in light of Mr. Ortiz's representation that he did not receive the motion by mail and did not receive it until just over two weeks later by email, the Court will consider the arguments raised therein. The Court further notes that Frank R. Kane filed a reply [Doc. 15] without first seeking leave to do so, as required by Middle District of Florida Local Rule 3.01(d). As no objection was filed, the Court considered the reply in ruling on the motion to dismiss.

This appeal was filed on October 26, 2020.[2] [Doc. 1, Doc. 6-1]. Appellant Thomas Ortiz appeals the Order Granting Debtor's Motion to Modify Access Procedures for Howard Avenue Building, ECF 1114, entered by the bankruptcy court on May 14, 2020. [Doc. 6-1]. That order purportedly clarified, modified, and/or amended several other orders which have also been appealed. [Doc. 6-1 at p. 1]. In the order, the bankruptcy court amended and restated the procedures for accessing a building on Howard Avenue in Tampa, Florida as follows:

> The Debtor shall provide Frank Kane and his agents, employees, and contractors with unfettered access to the real property located at 309-317 S. Howard Avenue, Tampa, Florida 3606 (the **"Howard Avenue Building"**) on such business days . . . and at such times as requested by Mr. Kane through Eric Jacobs as counsel for Mr. Kane, to Leon Williams, as counsel for the third-party defendants. If Mr. Kane or his agents, employees, or contractors need access to the Howard Avenue Building before noon on a Monday, Mr. Jacobs shall request access from Mr. Williamson by 5:00 pm on the Sunday immediately prior. Otherwise, The Debtor shall provide access to the Howard Avenue Building upon Mr. Jacobs requesting access from Mr. Williamson on no less than two (2) hours' prior notice.

*Id.* at pp. 5-6.

Appellee Frank R. Kane has moved to dismiss this appeal on four grounds. [Doc. 10]. First, he argues that the filing of the appeal is more than four months too late as the order was docketed on May 14, 2020 and the time to appeal expired on May 28, 2020. *Id.* at pp. 1-2. He also argues that dismissal is warranted because Appellant

---

[2] Mr. Ortiz claims that the appeal was actually filed October 2, 2020. [Doc. 8 ¶ 10]. This is of no consequence as is apparent from the discussion of whether the time to appeal was tolled.

failed to comply with various orders of this Court, failed to designate the record on appeal, and failed to file an initial brief. *Id.* at pp. 2-5.

Appellant contends that the time to appeal was extended by his filing of a Motion for Clarification on May 27, 2020 and that the appeal was filed within fourteen-days of the court's entry of an order on that motion. [Doc. 14 at pp. 5-6]. Among other arguments, Appellant contends that the remaining grounds for dismissal are without merit because Appellee could not prove the required standard of "bad faith, negligence or indifference," which the Court must find before it can dismiss the appeal on those grounds. *Id.* at pp. 6-12.

Appellee replies that the appeal is late because the Motion for Clarification did not "seek to amend or make additional findings under Rule 7052," which is a requirement under Rule 8002(b)(1) for extending the time to appeal. [Doc. 15 at pp. 2-3]. Appellee also presents argument on why the claimed reasons articulated by Appellant do not excuse dismissal of the appeal. *Id.* at pp. 3-6.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), the United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000) (stating same). The district court's jurisdiction covers "final judgments, orders, and decrees . . . entered in cases and proceedings referred to the bankruptcy judges." *Id.* § 158(a)(1); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 964 (11th Cir. 2012) (stating same). "A final decision is generally one which ends the litigation on the merits and leaves nothing for the court to do but

execute the judgment." *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (quotations omitted). "[T]he separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id.* Additionally, "with leave of the court," an appeal may also lie "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

Assuming that jurisdiction exists, the Federal Rules of Bankruptcy Procedure impose a number of obligations on a party seeking review of the decision of a bankruptcy court. First, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed" except as provided by the Rules. Fed. R. Bankr. P. 8002. The appellant must then file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented, within 14 days after (i) the notice of appeal as of right becomes effective under Rule 8002 or (ii) an order granting leave to appeal is entered. Fed. R. Bankr. P. 8009(a)(1). Next, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal." Fed. R. Bankr. P. 8018(4).

**III. DISCUSSION**

a. <u>Jurisdiction</u>

"The federal district courts are courts of limited jurisdiction, 'empowered to hear only those cases ... which have been entrusted to them by a jurisdictional grant authorized by Congress.' " *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (quoting *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999)). Pursuant to 28 U.S.C. § 158(a)(1) the district court's jurisdiction over cases and proceedings referred to the bankruptcy judges extends to "final judgments, orders, and decrees" and the court also has discretion in hearing appeals of interlocutory orders pursuant to § 158(a)(3).

The order on appeal sets forth the procedure to access a building that is involved in the bankruptcy proceeding. It did not end the litigation on the merits and it did not bring the proceeding to a point where the court was merely left to execute the judgment. *In re Charter Co.*, 778 F.2d at 621. As such, the Court cannot find that this order is a final order over which it has jurisdiction. Rather, the order appears to be interlocutory in nature. Because Appellant did not seek leave to appeal this order, it appears that jurisdiction is entirely lacking. 28 U.S.C. § 158(a)(3).[3]

b. <u>Timeliness of Appeal</u>

The Court agrees with Appellee Kane that the appeal is untimely. "The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without

---

[3] Because dismissal is warranted on another jurisdictional ground, the Court need not decide this jurisdictional issue.

jurisdiction to hear the appeal." *In re Williams*, 216 F.3d at 1298 (quoting *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir.1996)); *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1318 (11th Cir. 2016) (stating same). "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a).

However, the time to appeal may be tolled by one of the orders enumerated in Rule 8002(b)(1) of the Federal Rules of Bankruptcy Procedure. Pursuant to that section, the motions that have a tolling effect include a motion: to amend or make additional findings under Rule 7052; to alter or amend the judgment under Rule 9023; for a new trial under Rule 9023; or for relief under Rule 9024 . Fed. R. Bankr. P. 8002(b)(1). The motion to clarify the order modifying the procedures for access to the building is not one of the enumerated orders that tolls the time to appeal and Appellant has not demonstrated otherwise. Because Appellant has not demonstrated that the time to appeal was tolled, the Court finds that the notice of appeal was untimely. The order on appeal was docketed on May 14, 2020, the time to appeal expired on May 28, 2020, and the notice of appeal was not filed until October 26, 2020. Jurisdiction does not exist in this cause.

Accordingly, it is hereby **ORDERED**:

1. Appellee Frank R. Kane's Motion to Dismiss [Doc. 10] is granted. This appeal is dismissed for lack of jurisdiction.

2. The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** in Tampa, Florida on July 30, 2021.

_____
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any